UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: MID-AIR COLLISION IN WASHINGTON, D.C., JAN. 29, 2025 | |
| **VITALI KAY**, Individually, as Personal Representative of the Estate of **JULIA KAY**, deceased, and on behalf of all Surviving Beneficiaries, as well as in his capacity as parent and natural guardian of his minor children, **SDK**, **SAK**, and **SNK**, surviving children of **JULIA KAY**, <br><br>**TATJANA SCERBINA,** <br><br>**VIKTORS SCERBINA, and** <br><br>**ALEKSANDRS SCERBINA**, <br><br>                    Plaintiffs, <br><br>          -vs.- <br><br>AMERICAN AIRLINES INC. <br> 1 SKYVIEW DR. <br> FORT WORTH, TX 76155 <br><br> PSA AIRLINES, INC. <br> 1 TERMINAL DR. <br> MIDDLETOWN, PA 17057 <br><br> UNITED STATES OF AMERICA, <br> Pamela Bondi, in her official capacity as U.S. Attorney General <br> U.S. Department of Justice <br> 950 Pennsylvania Avenue N.W. <br> Washington, D.C. 20530-0001 | Lead Case No: 1:25-cv-03382-ACR <br><br> **SHORT FORM COMPLAINT** |

1

Defendants.

Plaintiff VITALI KAY, Individually, as Personal Representative of the Estate of JULIA KAY, deceased, and on behalf of all Surviving Beneficiaries, as well as in his capacity as parent and natural guardian of his minor children, SDK, SAK, and SNK, the surviving children of JULIA KAY, TATJANA SCERBINA, VIKTORS SCERBINA, and ALEKSANDRS SCERBINA, respectfully allege as follows:

1. Plaintiffs refer and incorporate herein by reference the Master Complaint, and any and all later amendments thereto, filed in IN RE: MID-AIR COLLISION IN WASHINGTON, D.C., ON JAN. 29, 2025, as though fully set forth herein. Plaintiffs adopt the Master Complaint and agree to be bound by any rulings with respect to the pleadings of the Master Complaint.

2. Plaintiffs adopt each of the general allegations of the Master Complaint except for those paragraph numbers set for here, if any: N/A.

## CLAIMS AGAINST DEFENDANTS

3. Plaintiffs bring those Counts, as applicable, against each of the Defendants in the Master Complaint checked below:

☒ AMERICAN AIRLINES, INC.

☒ PSA AIRLINES, INC.

☒ UNITED STATES OF AMERICA

4. Plaintiffs incorporate by reference each of the Causes of Action in the Master Complaint checked below:

*As against AMERICAN AIRLINES, INC.:*

2

☒	First Cause of Action for Wrongful Death Based Upon Common Carrier Duty

☒	Second Cause of Action for Survival Based Upon Common Carrier Duty

☒	Third Cause of Action for Wrongful Death Based Upon Negligence

☒	Fourth Cause of Action for Survival Based Upon Negligence

*As against PSA AIRLINES, INC.:*

☒	Fifth Cause of Action for Wrongful Death Based Upon Common Carrier Duty

☒	Sixth Cause of Action for Survival Based Upon Common Carrier Duty

☒	Seventh Cause of Action for Wrongful Death Based Upon Negligence

☒	Eighth Cause of Action for Survival Based Upon Negligence

*As against UNITED STATES OF AMERICA:*

☒	Ninth Cause of Action for Wrongful Death Based Upon Negligence

☒	Tenth Cause of Action for Survival Based Upon Negligence

**PLAINTIFFS' INFORMATION:**

5.	Decedent, JULIA KAY, is an individual who was killed in the crash of American Eagle Flight 5342 ("AE 5342") on January 29, 2025.

6.	JULIA KAY resided in Delaware.

7.	Plaintiff VITALI KAY is a resident of Delaware and was the lawful husband/spouse of JULIA KAY, deceased, at the time of her death.

8.	SDK, SAK, and SNK, are the minor children of Plaintiff VITALI KAY and JULIA KAY, deceased. Plaintiff VITALI KAY also brings these claims on behalf of SDK, SAK, and SNK as their parent and natural guardian.

9. Plaintiff TATJANA SCERBINA is a resident of Delaware and was the mother of JULIA KAY, deceased.

10. Plaintiff VIKTORS SCERBINA is a resident of Jēkabpils, Latvia, and was the father of JULIA KAY, deceased.

11. Plaintiff ALEKSANDRS SCERBINA is a resident of Jēkabpils, Latvia, and was the brother of JULIA KAY, deceased.

12. Plaintiff VITALI KAY brings this lawsuit individually on his own behalf, as parent and natural guardian on behalf of his minor children, SDK, SAK, and SNK, as Personal Representative of the Estate of JULIA KAY, deceased, and on behalf of all surviving beneficiaries.

13. On or about March 14, 2025, the Register of Wills for New Castle County, Delaware, issued an order appointing VITALI KAY as Personal Representative of the Estate of JULIA KAY. Therefore, he has standing to assert both wrongful death and survival claims on behalf of all beneficiaries of JULIA KAY and brings this lawsuit in his representative capacity.

14. Plaintiffs TATJANA SCERBINA, VIKTORS SCERBINA and ALEKSANDRS SCERBINA each have standing and authority to bring wrongful death claims in their individual capacity.

## PLAINTIFFS' ADMINISTRATIVE CLAIM

15. On or about May 28, 2025, Plaintiffs VITALI KAY, on behalf of himself, the Estate of JULIA KAY, deceased, all surviving beneficiaries, and SDK, SAK, and SNK as their parent and natural guardian; TATJANA SCERBINA; VIKTORS SCERBINA; and ALEKSANDRS SCERBINA served their initial administrative claims upon the FAA.

16. On or about May 28, 2025, Plaintiff VITALI KAY, on behalf of himself, the Estate of JULIA KAY, deceased, all surviving beneficiaries, and SDK, SAK, and SNK as their parent and

4

natural guardian; TATJANA SCERBINA; VIKTORS SCERBINA; and ALEKSANDRS SCERBINA served their initial administrative claims upon the United States Army ("Army").

17. The USA:

☐ did not serve any formal response either accepting or denying any of the aforementioned claims within six months of filing, as set forth in 28 U.S.C. § 2675(a). This therefore constitutes a final denial of the claims entitling Plaintiff to file this complaint pursuant to 28 U.S.C. § 2675(a).

and/or

☒ the FAA denied Plaintiffs' claims on November 10, 2025, on behalf of both the FAA and United States Army ("Army").

## PLAINTIFFS' DAMAGES

18. Plaintiffs request all available wrongful death and survival economic and non-economic damages in an amount according to proof at trial, including but not limited to the following:

☒ DECEDENT's unusual G-forces, physical injuries, conscious pain and suffering, mental anguish, emotional distress, fear of impending death, and other injuries and damages that ultimately caused his/her death;

☒ the loss of the gross earning power of the DECEDENT;

☒ the loss of the full value of the life of the DECEDENT;

☒ loss of the parental and/or familial relationship arising from the death of the DECEDENT;

☒ the loss of financial support and contribution of the DECEDENT;

5

- ☒ loss of services;

- ☒ loss of inheritance;

- ☒ loss of accumulations;

- ☒ full pecuniary loss of the DECEDENT;

- ☒ loss of past and future income, support, society, love, grief, consortium, solatium, services, guidance, care, comfort, and companionship of the DECEDENT;

- ☒ loss of life's pleasures;

- ☒ loss of enjoyment of life of the DECEDENT;

- ☒ mental anguish and mental pain and suffering that the heirs, beneficiaries and distributees of the DECEDENT's Estate were caused to incur;

- ☒ other necessary and reasonable expenses as a result of the DECEDENT's death;

- ☒ attorneys' fees, costs and other damages permitted under applicable laws;

- ☒ pre- and post-judgment interest on all damages as allowed by law;

- ☒ all costs of suit herein;

- ☒ such other and further relief as the Court shall deem just and proper;

- ☒ Other (specify):

## ADDITIONAL ALLEGATIONS, IF ANY

1. Decedent July Kay was 42 years-old at the time of her death. Julia Kay was a devoted parent who built her life around supporting her children and their athletic dreams. Julia

Kay was employed by Christiana Care as a registered nurse, but she worked nights so that she was available to support her kids' ice-skating careers during the day. Julia was not only her children's main source of emotional support, but she was effectively "head-coach" for her children, handling everything from working with them on their skating, to buying costumes, to organizing their busy athletic routines involving multiple coaches, while still allowing time for education. She was a devoted wife, beloved mother, steadfast friend, and reliable co-worker who wisely navigated the sea of life by teaching her family how to build character and be creative when solving problems. JULIA KAY is survived by her husband, Plaintiff VITALI KAY, and three minor children SDK, SAK, and SNK, as well as her mother, Plaintiff TATJANA SCERBINA, her father, Plaintiff VIKTORS SCERBINA, and her brother, Plaintiff ALEKSANDRS SCERBINA. Her son, Sean Kay, tragically lost his life in the same mid-air collision and crash.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all claims in this action.

Dated: December 1, 2025

        **KREINDLER & KREINDLER LLP**

By: */s/ Justin T. Green*
    Brian J. Alexander
    (Bar ID: NY0679)
    Justin T. Green
    (Bar ID: NY0692)
    Anthony Tarricone
    (Bar ID: 492480)
    Daniel O. Rose
    (applicant *pro hac vice*)
    Vincent C. Lesch
    (Bar ID: NY0675)
    Evan Katin-Borland
    (Bar ID: NY0674)
    Erin R. Applebaum

        (Applicant *pro hac vice*)
        485 Lexington Avenue, 28th Floor
        New York, New York 10017
        (212) 687-8181
        balexander@kreindler.com
        jgreen@kreindler.com
        atarricone@kreindler.com
        drose@kreindler.com
        vlesch@kreindler.com
        ekatinborland@kreindler.com
        eapplebaum@kreindler.com